```
IN THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF TEXAS
              HOUSTON DIVISION
```

| | | |
|---|---|---|
| ADALBERTO PEREZ | § | |
| on behalf of himself individually, | § | |
| and ALL OTHERS SIMILARLY | § | |
| SITUATED | § | Civil Action No. |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | COLLECTIVE ACTION |
| | § | (JURY TRIAL) |
| DXP ENTERPRISES INC. | § | |
| Defendants. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

## SUMMARY

DXP Enterprises Inc. does not pay its Welders overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the FLSA). Instead, DXP Enterprises Inc. pays its Welders straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Adalberto Perez, and the other Welders are entitled to recover unpaid overtime as well as other damages.

1. Defendant DXP Enterprises Inc. has a policy, enforced at all of its locations throughout the United States, denying Plaintiffs and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

2. Defendant DXP Enterprises Inc. is a domestic company with locations throughout the United States and Texas. DXP Enterprises Inc. may be served with process through its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Whenever in this complaint it is alleged that the named Defendant committed any

1

act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

4. Defendant manufactures drilling rigs and provide drilling services for customers in the oil and gas industry.

5. DXP Enterprises Inc. would pay the welders, determine their rates of pay, and designate the number of hours worked per week and assign them to work locations.

6. Defendant would supervise the welders, direct their day to day activities, inspect their work and otherwise control all aspects of the work performed by the welders.

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper because defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

## PARTIES

9. Adalberto Perez worked for DXP Enterprises Inc. as a Welder. His written consent is attached.

10. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

11. The "FLSA Class Members" are all Welders who worked for DXP Enterprises Inc. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

## FACTS

12. Adalberto Perez was an employee of DXP Enterprises Inc.

13. Adalberto Perez was not an independent contractor.

14. No exemption to the provisions of the FLSA excused defendant from its obligation under the FLSA to pay Adalberto Perez and putative class members time and a half for the hours worked past forty (40) each week while employed by defendant.

15. DXP Enterprises Inc. paid Plaintiff Adalberto Perez straight time, not time and a half, for the hours he worked above forty (40) during his employment with defendant.

16. Adalberto Perez worked for DXP Enterprises Inc. as a Welder from 2011 to August of 2016.

17. The work performed by Plaintiff was the primary type of work that defendant provides for its customers.

18. The work performed by Plaintiff and putative class members was an essential part of the services provided for Defendant's Customers.

19. DXP Enterprises Inc.'s Welders relied on Defendant for their work.

20. DXP Enterprises Inc. determined where its Welders worked and how they performed their duties.

21. DXP Enterprises Inc. set Welders' hours and required them to report to work on time and leave at the end of their scheduled hours.

22. DXP Enterprises Inc. Welders at all locations work(ed) exclusively for DXP Enterprises Inc. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

23. Defendant's Welders are not permitted to hire other workers to perform their jobs for them.

24. Defendant's Welders do not employ staff, nor do they maintain independent places of business.

25. Welders employed by defendant are paid based upon the hours they work. They

cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by DXP Enterprises Inc. each day.

26. The Welders employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by DXP Enterprises Inc.

27. DXP Enterprises Inc. pays Welders in return for their labor.

28. DXP Enterprises Inc. deducted taxes from the paychecks of Plaintiff and similarly situated employees.

29. DXP Enterprises Inc. keeps records of the hours it instructed its Welders to work. Defendant also keeps records of the amount of pay plaintiffs and putative class members receive.

30. Plaintiffs and putative class members were paid directly via bi-weekly pay check.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

33. In addition to Adalberto Perez, defendant employed more than one hundred (100+) other Welders. These Welders worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies.

34. The FLSA Class Members are similarly situated to Adalberto Perez.

35. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All Welders who worked for DXP Enterprises Inc. at all of its locations throughout the United States while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

**CAUSE OF ACTION – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

36. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, DXP Enterprises Inc. violated the FLSA.

37. DXP Enterprises Inc. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

38. DXP Enterprises Inc. knew, or showed reckless disregard for whether, their failure to pay overtime violated the FLSA. Defendant's failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

39. DXP Enterprises Inc. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

40. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.


Respectfully submitted:
                                                    THE FOLEY LAW FIRM

By: /s/ Taft L. Foley II
Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
[Taft.Foley@thefoleylawfirm.com](mailto:Taft.Foley@thefoleylawfirm.com)
**Attorneys For Plaintiffs**